**Renee CORNELISEN, Plaintiff,**

v.

**Neal GUNNARSON, Defendant.**

No. 2:97–CV–0856–S.

United States District Court,
D. Utah,
Central Division.

March 13, 1998.

Renee Cornelisen, Salt Lake City, UT, pro se.

Nolan J. Olsen, Midvale, UT, for Defendant.

## RULING

SAM, Chief Judge.

This matter is before the court on defendant's motion to dismiss. The court has reviewed the pleadings and, pursuant to DUCivR 7-1(f) will determine the matter based on the written memoranda of the parties without the assistance of oral argument.

Defendant Gunnarson has filed a motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(1), 12(b)(6) respectively. The resolution of a motion to dismiss is determined by assessing the legal sufficiency of the allegations as they are "contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir.1995); *see also Martinez v. United States Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir.1986) (in the context of considering federal question jurisdiction). The motion should only be granted if it appears that the plaintiff can prove no set of facts supporting her claim that would entitle her to the relief sought. *See, Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir.1997) (quoting *Fuller v. Norton*, 86 F.3d 1016, 1020 (10th Cir.1996)), *cert. denied*, — U.S. ——, 118 S.Ct. 55, 139 L.Ed.2d 19 (1997). However, it must be noted that motions to dismiss are not favored because of their harshness and the court should aspire to effectuate the spirit of the liberal rules of pleading while also protecting the interests of justice. *See, Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 586–87 (10th Cir.1994) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986)).

■■■ Regarding the court's jurisdiction, plaintiff has failed to specify any basis for federal jurisdiction in her complaint. Plaintiff's "Objection" to the motion to dismiss, suggests that jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) or 1332 (diversity jurisdiction). While generally the court is not allowed to look beyond the complaint, in the case of a pro se complainant it would appear consistent with the principles discussed in *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir.1991) to nevertheless consider the sufficiency of the jurisdictional claims made in plaintiff's "Objection" to the motion.

■■ In order for the court to be vested with jurisdiction pursuant to Section 1332, the amount in controversy must *exceed* $50,-000 exclusive of interest and costs and the state citizenship of the parties must be diverse. 28 U.S.C. § 1332. Plaintiff has requested a judgment for $50,000.00 and has not alleged diversity of citizenship. Furthermore, there are no allegations whatsoever that would allow the court to conclude that plaintiff could satisfy or is seeking to satisfy the allegations required to adequately invoke jurisdiction through Section 1332. Therefore, diversity jurisdiction has not been properly alleged.

■■ Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It is required of the plaintiff to identify, in the well-pleaded complaint, the "statutory or constitutional provisions under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez*, 802 F.2d at 1280. Plaintiff has not done this. However, "[f]ederal jurisdiction exists if the complaint states a case arising under federal law, even though on the merits the party may have no federal right." *Mindes v. Seaman*, 453 F.2d 197, 198 (5th Cir.1971) (citing C. Wright, Law of Federal Courts 62 (2d ed.1970)). If the claim is inadequate then judgment is properly rendered against the claimant on the merits—failure to state a claim upon which relief can be granted—rather than for want of jurisdiction. *Id.*

Although plaintiff has not adequately alleged federal jurisdiction in her complaint by formal pleading standards, she does clearly state that the claim she is asserting is based on an alleged violation of the Constitution—First Amendment. Despite the court's doubts regarding the viability of her claims, the case does appear to arise under the Constitution and/or federal law. Plaintiff should, nevertheless, allege that her claims arise under the Constitution, laws, or treaties of the United States.

Defendant's second basis for his motion is that plaintiff has failed to state a claim upon which relief may be granted. As mentioned

above the court generally limits its inquiry to the allegations in the complaint. However, based on the plaintiff's pro se status, the court will use some leniency in reconciling the liberal pleading standards with the interests of justice.

Plaintiff has alleged that Defendant Gunnarson "violated Plaintiff's Constitutional Rights (First Amendment) by deliberately, ..., removing and/or destroying innumerable copies of The City Weekly, a local newspaper, from active circulation, in [Salt Lake] County." Plaintiff alleges that Gunnarson's actions constituted censorship in violation of First Amendment protections, namely "the terms of a Free Press." *See* Complaint.

 The Constitution does not guarantee that the rights upon which it is premised will be protected and upheld against the actions of purely private parties. Rather, the protections provided by the Constitution are protections against infringement by the government—state or federal. *Hudgens v. National Labor Relations Board,* 424 U.S. 507, 513, 96 S.Ct. 1029, 47 L.Ed.2d 196 (1976). Therefore, in order to allege a violation of the Constitution—including the First Amendment—a party must allege an action by the state or federal government. Furthermore, vindication of alleged violations of federal law by means of a cause of action for damages, is a procedural device provided by section 1983 of title 42 of the United States Code. *Chavez,* 55 F.3d at 492.

The nature of the remedy sought and the facts alleged indicate an intention by plaintiff to vindicate the alleged violation by means of a section 1983 claim. The elements required to state a claim under section 1983 are twofold, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

The plaintiff shoulders the burden of alleging that the violation of rights was performed by an individual acting "under color of state law." This element is crucial because it provides the distinction between private conduct and government conduct. *See, Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 349, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974) (deprivations by the state are subject to constitutional scrutiny, but not "private conduct, 'however, discriminatory or wrongful,'") (quoting the *Civil Rights Cases,* 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883)). In order to qualify under the color-of-state-law standard, the conduct must be "fairly attributable" to the State. *Lugar v. Edmondson Oil Company, Inc.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). The Supreme Court has recognized a two-part approach to the question of "fair attribution."

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible..... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.

*Id.*

The second of the two prongs—conduct by a "state actor"—would be sufficiently alleged by the finding that the individual is a state official or state employee. *See Lugar,* 457 U.S. at 937, 102 S.Ct. 2744 (state official is listed as a "state actor"); *Atkins,* 487 U.S. at 49, 108 S.Ct. 2250 (state employee is generally considered a "state actor") (citing *Lugar,* 457 U.S. at 936, 102 S.Ct. 2744). While the plaintiff has not alleged as much, it would appear that the defendant fits this designation.

 The first prong—involving the nature of the conduct as attributable to the state—is where the plaintiff's case is most clearly deficient. Even if the court were to accept as alleged that defendant Gunnarson is a "state actor," "the fact that a tort was committed by an individual employed by the state does not, ipso facto, warrant attributing all of the ["state actor's"] actions to the state." *Chavez,* 55 F.3d at 493. The conduct must involve "using the badge of [Gunnarson's] authority" to effect the constitutional infringement alleged to have occurred. *Wyatt v. Cole,* 504 U.S. 158, 161, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992); *see also* 55 F.3d at 492–93 (section 1983 requires that the defendant exercise power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law") (quoting *United*

States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941)). "It is the plaintiff's burden to plead, and ultimately establish, the existence of 'a real nexus' between the defendant's conduct and the defendant's 'badge' of state authority in order to demonstrate action was taken 'under color of state law.'" *Chavez*, 55 F.3d at 493–94. Plaintiff has not alleged that defendant availed himself of any "badge" of authority in order to commit the act alleged. Likewise, there does not appear to be any construction of the facts that would allow the court to reach that conclusion.

Accordingly, defendant's motion is granted. The complaint is dismissed without prejudice.

So Ordered.